UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEWARREN PAGE<br>2828 Lawrence Street<br>Philadelphia, PA 19133<br><br>    Plaintiff,<br><br>    v.<br><br>FIRMENICH INC.<br>250 Plainsboro Rd.<br>Princeton, NJ 08540<br><br>    Defendant. | CIVIL ACTION NO:<br><br>COMPLAINT WITH JURY DEMAND |

**CIVIL ACTION COMPLAINT**

  Plaintiff DeWarren Page (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complain as follows against Defendant Firmenich Inc. (hereinafter "Defendant").

**INTRODUCTION**

  1. Plaintiff has initiated this action to redress violations by Defendant of The Americans With Disabilities Act (hereinafter "ADA"), the New Jersey Law Against Discrimination ("NJLAD"), and the New Jersey Common Law. Defendant failed to provide reasonable accommodations related to Plaintiff's disability or engage in the interactive process upon request for same. In addition, Defendant discriminated against Plaintiff because of his disability and fired Plaintiff due to his disability and/or in retaliation for his requests for reasonable accommodation related to his disability, and/or in retaliation for filing a Worker's Compensation claim. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

14

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the ADA, 42 U.S.C. § 12101, *et seq*.

3. This Court has jurisdiction over Plaintiff's state law claim(s) because they are supplemental to Plaintiffs' underlying federal claims and arise out of the same transaction or occurrence(s), having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

4. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

5. Pursuant to 28 U.S.C. §§ 1397(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. Plaintiff has exhausted all administrative remedies requires as a prerequisite prior to the filing of his instant ADA claims.

7. Plaintiff had received a Right to Sue and dismissal from the EEOC on August 26, 2020, allowing him to file this instant action.

## PARTIES

8. The foregoing paragraphs are incorporated herein as if set forth in full.

9. Plaintiff is an adult individual, with an address as set forth in the caption.

10. Defendant is a New Jersey entity which operates a place of business at the address located in the caption above.

11. At all times relevant herein, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein as if set forth in full.

13. On or around January 15, 2018, Defendant hired Plaintiff as a Machine Operator.

14. Plaintiff's job duties consisted of loading and unloading machines via a remote-control system.

15. Plaintiff did not have to physically lift anything, as every control was operated via an operations panel.

16. On or around June 4, 2019, Plaintiff injured his back at work.

17. Plaintiff filed a worker's compensation claim related to his workplace back injury.

18. In or around mid-July 2019, Plaintiff's suffered an injury at work that exacerbated his previous back injury.

19. Plaintiff advised Defendant that he required time off from work due to his back injury.

20. Plaintiff took time off from work due to his back injury.

21. On or around July 25, 2019, Manager Alison Rada ("Manager Rada") issued a write-up against Plaintiff stating that Plaintiff was using too many sick days.

22. Defendant's write-up also accused Plaintiff of several safety violations that never occurred or involved Plaintiff in any way.

23. Defendant had never issued any written disciplinary action against Plaintiff prior to his workplace injury.

24. On or around August 12, 2019, Plaintiff submitted his doctor's note and request for a temporary light duty restriction.

25. Plaintiff's request included a fifteen (15) pound lifting restriction.

26. Specifically, Plaintiff had requested an adjustment in his work duties to ensure he did not lift more than fifteen (15) pounds

27. On or around October 21, 2019, due to continuing issues with Plaintiff's recovery, Plaintiff submitted a doctor's note and request for a ten (10) pound lifting restriction.

28. In retaliation for his request for a reasonable accommodation, Defendant removed Plaintiff from his position and placed him in the cafeteria for his entire shift.

29. Defendant instructed Plaintiff to simply sit in the cafeteria during his entire shift.

30. Defendant made no attempt to reassign Plaintiff to a job or task that he could perform with his restrictions.

31. Plaintiff's job duties before the accident did not require physical lifting, all lifting operations were machine controlled.

32. Plaintiff would have been able to sit at the control console and still complete his duties consistent with his lifting restriction.

33. On or around October 29, 2019, Defendant fired Plaintiff via a letter from Manager Rada.

34. Defendant did not engage in any interactive process regarding any requested accommodations.

35. As a result of Defendant's unlawful actions, Plaintiff suffered damages.

## COUNT I
### Violations of the Americans with Disabilities Act ("ADA")
### (Discrimination/Hostile Work Environment)

36. The foregoing facts are incorporated herein as if set forth in their entirety.

37. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the ADA.

38. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the ADA.

39. Plaintiff's back injury constituted a "disability" within the meaning of the ADA.

40. During Plaintiff's employment, Plaintiff was subjected to disability discrimination that was unwelcome.

41. Defendant took no action to remedy the disability discrimination, despite Plaintiff's complaining of same.

42. Any reasonable person would have felt that he or she was being subjected to a hostile work environment due to the disability discrimination experienced by Plaintiff and Defendant's conduct in failing to effectively remedy same after being put on notice of same.

43. Defendant fired Plaintiff due to his disability.

44. Defendant's actions constitute violations of the ADA.

45. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT II
### Violations of the Americans With Disabilities Act ("ADA")
### (Failure to Accommodate)

46. The foregoing paragraphs are incorporated herein as if set forth in full.

47. Plaintiff requested a reasonable accommodation from Defendant in that he could not lift more than 10 pounds due to his disability.

48. Defendant could have granted Plaintiff the aforementioned accommodations without undue hardship but failed to do so.

49. Defendant's aforementioned conduct is in violation of the ADA and has caused Plaintiff to suffer damages.

## COUNT III
### Violations of the Americans With Disabilities Act ("ADA")
### (Retaliation)

50. The foregoing paragraphs are incorporated herein as if set forth in full.

51. Plaintiff requested a reasonable accommodation from work due to a disability.

52. Requesting an accommodation for a disability is a protected activity under the ADA.

53. Defendant fired Plaintiff because Plaintiff requested accommodations related to his back injury.

54. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT IV
### Violations of the New Jersey Law Against Discrimination ("NJLAD")
### (Discrimination/Hostile Work Environment)

55. The foregoing facts are incorporated herein as if set forth in their entirety.

56. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the NJLAD.

57. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the NJLAD.

14

58. Plaintiff's back injury constituted a "disability" within the meaning of the NJLAD.

59. During Plaintiff's employment, Plaintiff was subjected to disability discrimination that was unwelcome.

60. Defendant took no action to remedy the disability discrimination, despite Plaintiff's complaining of same.

61. Any reasonable person would have felt that he or she was being subjected to a hostile work environment due to the disability discrimination experienced by Plaintiff and Defendant's conduct in failing to effectively remedy same after being put on notice of same.

62. Defendant fired Plaintiff due to his disability.

63. Defendant's actions constitute violations of the NJLAD.

64. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT V
### Violations of the New Jersey Law Against Discrimination ("NJLAD")
### (Failure to Accommodate)

65. The foregoing paragraphs are incorporated herein as if set forth in full.

66. Plaintiff requested a reasonable accommodation from Defendant in that he could not lift more than 10 pounds due to his disability.

67. Defendant could have granted Plaintiff the aforementioned accommodations without undue hardship but failed to do so.

68. Defendant's aforementioned conduct is in violation of the NJLAD and has caused Plaintiff to suffer damages.

## COUNT VI
### Violations of the New Jersey Law Against Discrimination ("NJLAD")
**(Retaliation)**

69. The foregoing paragraphs are incorporated herein as if set forth in full.

70. Plaintiff requested a reasonable accommodation from work due to a disability.

71. Requesting an accommodation for a disability is a protected activity under the NJLAD.

72. Defendant fired Plaintiff because Plaintiff requested accommodations related to his back injury.

73. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT VII
### Violations of Common Law
**(Worker's Compensation Retaliation)**

74. The foregoing paragraphs are incorporated herein as if set forth in full.

75. An employer may not terminate an employee in violation of a clearly mandated public policy. *Pierce v. Ortho Pharmaceutical Corp.*, 417 A. 2d 505 (N.J. 1980).

76. Plaintiff engaged in a protected activity when he filed a worker's compensation claim related to his workplace injury.

77. Defendant fired Plaintiff, at least in part, because he filed a worker's compensation claim.

78. As a direct and proximate cause, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

      A.      Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees or prospective employees based on their disabilities and/or failing to accommodate people with disabilities;

      B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost and future lost earnings;

      C.      Plaintiff is to be awarded liquidated damages and/or punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

      D.      Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

      E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal law.

      F.      Plaintiff is to be permitted to have a trial by jury.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/Daniel A. Horowitz*
Daniel A. Horowitz, Esq.
1101 Kings Highway N., Suite 402
Cherry Hill, NJ  08034
Phone: 856.685.7420
Fax: 856.685.7417
dhorowitz@swartz-legal.com

Dated: October 26, 2020

## **DEMAND TO PRESERVE EVIDENCE**

All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.